**DISMISS and Opinion Filed November 8, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01332-CV

## EX PARTE REGINALD ARLEIGH NOBLE

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. W00-50025K(Q)**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

Reginald Arleigh Noble filed a petition for writ of habeas corpus with this Court on October 31, 2019 in which he claims he is illegally restrained and asks for a new trial.

Noble was convicted of aggravated sexual assault of a child and sentenced to life in prison. His conviction was affirmed on direct appeal. *Noble v. State*, No. 08-01-00035-CR, 2002 WL 221886 (Tex. App.—El Paso Feb. 4, 2002, pet. ref'd) (not designated for publication).

On December 1, 2017, Noble filed a "Notice of Appeal," "Motion to Vacate a Void Judgment," and "Motion for New Trial" in which he complained that the trial court had no subject matter jurisdiction over his case, making the underlying judgment void. That appeal was dismissed for lack of jurisdiction. *Noble v. State*, No. 05-17-01409-CR, 2017 WL 6547083 (Tex. App.—Dallas Dec. 22, 2017, no pet.) (not designated for publication).

In February 2019, he filed a petition for writ of mandamus, complaining that the trial court failed to hold a hearing on his request for an article 11.07 writ of habeas corpus and asking this

Court to grant him a new trial. Because the record was insufficient to show the trial court violated a ministerial duty, we concluded he was not entitled to mandamus relief. *Noble v. State*, No. 05-19-00221-CV, 2019 WL 948770 (Tex. App.—Dallas Feb. 27, 2019, no pet.) (mem. op.). Furthermore, to the extent he requested a new trial, we concluded Nobel was attacking his prior final conviction which fell within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 11.07.

On May 21, 2019, Noble filed another petition for writ of mandamus, complaining that the trial court denied his request for article 11.01 and 11.07 writ of habeas corpus relief and asking for a new trial. Concluding his complaint was a collateral attack on a final conviction, we dismissed. *Noble v. State*, No. 05-19-00596-CV, 2019 WL 2336875 (Tex. App.—Dallas June 3, 2019, no pet.) (mem. op.).

In this filing, Noble once again claims he is entitled to habeas relief because the Criminal District Court No. 4 lacked jurisdiction to convict him. As we have previously noted, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of court of criminal appeals to grant post-conviction relief). We lack jurisdiction to grant Noble any of the relief he seeks.

We dismiss Noble's petition for writ of habeas corpus.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

191332F.P05